1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CIRON B. SPRINGFIELD,                          No.  2:18-CV-2872-JAM-DMC-P

12                       Plaintiff,

13          v.                                      FINDINGS AND RECOMMENDATIONS

14   S DE JESUS, et al.,

15                       Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for preliminary injunction (ECF

19   No. 9).  For the reasons set forth below this Court recommends the motion for a preliminary

20   injunction be denied.

21          The legal principles applicable to requests for injunctive relief, such as a

22   temporary restraining order or preliminary injunction, are well established.  To prevail, the

23   moving party must show that irreparable injury is likely in the absence of an injunction.  See

24   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

25   Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

26   standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

27   controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

28   1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

                                                    1

1  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

2  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

3  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

4  however, issue an order against individuals who are not parties to the action.  See Zenith Radio

5  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking

6  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

7  prison renders the request for injunctive relief moot, unless there is some evidence of an

8  expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

9  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

10          Here, Plaintiff seeks an order transferring him to a different correctional

11  institution—either "Napa, Colinga, or Ash"—so he can access specialized mental health

12  treatment.  The court finds injunctive relief is not warranted here because plaintiff cannot, at this

13  time, establish a likelihood of success on the merits of his claim, and because plaintiff has not

14  demonstrated irreparable harm absent an injunction.  Though Plaintiff's complaint was able to

15  pass screening, it is unclear whether there is any likelihood that Plaintiff will be successful on the

16  merits of his claims.  The claims contained in the complaint do not, on their own, indicate a

17  likelihood of success on the merits and Plaintiff has provided no additional information in his

18  motion for preliminary injunction to bolster the claims.  For this reason, it cannot be said that

19  Plaintiff's claims have a likelihood of success on the merits.

20          Plaintiff asserts he will suffer irreparable harm because he is a danger to himself

21  and not receiving adequate medical treatment at his current correctional institution.  This

22  argument forms the basis for one of Plaintiff's claims.  However, Plaintiff does not discuss at all

23  the circumstances that he is currently encountering that could result in harm to himself.  In other

24  words, Plaintiff simply concludes he will suffer harm from hurting himself because he asserts he

25  is not getting proper medical treatment.  There is no supporting documentation, evidence, or

26  declarations that shed any light on how the conditions Plaintiff is currently facing are inadequate

27  to prevent him from harming himself.  There is further no information or evidence as to how

28  transfer to one of the named facilities in the motion would result in different conditions.

1  Plaintiff's threadbare, conclusory assertion is not sufficient to establish irreparable harm. Thus,

2  the Court cannot find that Plaintiff has established irreparable harm.

3        Based on the foregoing, the undersigned recommends that plaintiff's motion for

4  injunctive relief (ECF No. 9) be denied.

5        These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

7  after being served with these findings and recommendations, any party may file written objections

8  with the court. Responses to objections shall be filed within 14 days after service of objections.

9  Failure to file objections within the specified time may waive the right to appeal. See Martinez v.

10  Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  Dated: May 15, 2019

13  _____

    DENNIS M. COTA

14      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3